1  Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
   **MANNING LAW, APC**
2  20062 S.W. Birch St., Suite 200
3  Newport Beach, CA 92660
   Office: (949) 200-8755
4  DisabilityRights@manninglawoffice.com
5  Attorneys for Plaintiff: CARMEN JOHN PERRI

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN JOHN PERRI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JUNG TAE HWA CORPORATION, a California corporation; STEVEN A. SOKOL, individually and as trustee of the ALFRED L. SOKOL AND DOROTHE SOKOL FAMILY TRUST DATED 8/9/1990; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No**. 2:20-cv-10691-SVW-SK<br><br>**PLAINTIFF'S CASE STATEMENT** |

1
**PLAINTIFF'S CASE STATEMENT**

Pursuant to this Court's "ADA Disability Access Litigation Order Staying Action and Requiring Early Mediation," entered February 16, 2021, Plaintiff submits his ADA Mediation Statement.

## A.   INTRODUCTION

Plaintiff's musculoskeletal and neurological systems are impaired. These impairments result in weakness, fatigue, pain, and loss of strength in his arms, hands, and legs. He has also developed permanent nerve damage that has caused increased pain and limits his ability to function and limits his mobility, especially for any extended period of time. He is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, and/or sitting. Plaintiff's circulatory and cardiovascular systems are impaired. Specifically, Plaintiff has been diagnosed with Atrial Fibrillation. This substantially limits his ability to walk, stand, ambulate, breath, sit, or otherwise function. As a result of his impairments, he is subject to falls, unsteady on his feet, cannot walk for any significant distance without having to periodically rest, and often relies upon mobility devices to ambulate including a cane, walker, or wheelchair. With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act, 42 U.S.C. §12102(2) as amended by the ADA Amendments Act of 2008 (P.L. 110-325) ("ADA") and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq. At the time of Plaintiff's visits to Defendants' facility and prior to instituting this action, Plaintiff suffered from a "qualified

disability" under the ADA, including those set forth in this paragraph. Plaintiff is also the holder of a Disabled Person Parking Placard.

Plaintiff personally visited Defendants' property, located at 5677 W. Pico Blvd., Los Angeles, CA 90019 (the "Property") and which serves the business "Sunshine Liquor", on or around September 8, 2020 but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities at the Property.

**B.   ITEMIZED LIST AND NARRATIIVE**

The specific conditions that form the basis of the lawsuit include the following:

- An accessible parking area whose slope exceeds ADAAG specifications (Section 502.4);

- An accessible aisle that is not clearly marked (Section 502.3.3); and,

- An accessible parking space that is not clearly marked (Section 502.2)

**C.   AMOUNT OF DAMAGES**

The Unruh Civil Rights Act ("Unruh") provides that "a violation of the right of any individual under the Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Cal. Civ. Code § 51(f). Under the Unruh Act, a party that discriminates against a plaintiff in violation of Civ. Code § 51 shall be liable for actual damages, up to three times actual damages but "in no case" less than

$4,000.00 for each time that he was discriminated against. Cal. Civ. Code § 52(a). In the present matter, the Plaintiff alleges a single statutory minimum penalty assessment of $4,000.00 for the barriers identified in the Complaint pursuant to California Civil Code § 52.  In addition, Plaintiff alleges a single statutory minimum penalty assessment of $4,000.00 for the deterrence damages Plaintiff is entitled to pursuant to *Johnson v. Guedoir*, 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal. E.D. 2016).  Plaintiff claims $8,000 in total statutory damages.

### D.     DEMAND FOR SETTLEMENT OF CASE

Plaintiff has standing to seek injunctive relief for all barriers contained on Defendants' Property, because "[a]n ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability." *Doran v. 7–Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008). Because Plaintiff has encountered multiple barriers described in the itemized list of Part B to this Case Statement, Plaintiff has standing to seek and obtain injunctive relief requiring Defendants to remove all access barriers contained on the Property.

To obtain the relief sought herein, and settle this matter at mediation, Defendants shall agree to remediate all barriers located on the Property which relate to Plaintiff's disability, Defendants shall pay $8,000 in statutory penalties and submit to the court as to reasonable attorney's fees and costs as provided by both the

ADA and Unruh.

Dated: March 1, 2021  **MANNING LAW, APC**

By: /s/ Joseph R. Manning Jr., Esq.
Joseph R. Manning Jr., Esq.
Attorneys for Plaintiff